■ Gina DeFrancesco, Appellant, v Metro-North Railroad et al., Respondents. [975 NYS2d 876]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered June 20, 2012, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claims under the New York State Human Rights Law (State HRL) and New York City Human Rights Law (City HRL) for discrimination and retaliation, unanimously affirmed, without costs.

Plaintiff's claims for retaliation under the State and City HRLs were properly dismissed since plaintiff failed to demonstrate that she was engaging in a protected activity or that

there was a causal connection between the activity and the adverse action (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]). Defendant Metro-North Railroad demonstrated that plaintiff was terminated for the nonretaliatory reason that she refused to use an electronic ticket issuing machine (TIM), which was mandatory for her position as a conductor. Plaintiff has failed to come forward with any evidence from which a "jury could find defendant liable under any of the evidentiary routes" (*Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 45 [1st Dept 2011], *lv denied* 18 NY3d 811 [2012]).

The motion court also correctly found that, although plaintiff did not establish a recognized disability under either the State or City HRL, Metro-North engaged in a good faith interactive process and offered plaintiff a choice of positions that did not require use of the TIM, which she rejected (*see Phillips v City of New York*, 66 AD3d 170, 175 [1st Dept 2009]). Metro-North was not obligated to exempt plaintiff from the system-wide mandatory use of the TIM (*see Pimentel v Citibank, N.A.*, 29 AD3d 141, 145-146 [1st Dept 2006], *lv denied* 7 NY3d 707 [2006]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse and Freedman, JJ.
**[Prior Case History: 2012 NY Slip Op 31626(U).]**